**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-10058 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00252-JSW-1 |
| v. | |
| HUGH ROBINSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted April 12, 2018
San Francisco, California

Before:  W. FLETCHER and TALLMAN, Circuit Judges, and MORRIS,** District Judge.

Hugh Robinson appeals his jury conviction for conspiracy to defraud the

United States, theft of public money, and aggravated identity theft in violation of

18 U.S.C. §§ 371, 641, and 1028A. Robinson contends the district court should be

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

reversed for three reasons: (1) the failure to authorize the search of electronic devices in a search warrant that sought information in "electronic" form rendered the warrant facially defective; (2) law enforcement's execution of the warrant unreasonably exceeded the warrant's scope; and (3) the jury instructions and verdict form erroneously relied on an invalid theory of guilt. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Robinson waived his argument that the search warrant had been defective on its face. Robinson failed to challenge the facial validity of the warrant before trial as required by Federal Rule of Criminal Procedure 12(b)(3), and further failed to make the requisite showing of good cause to excuse that failure. Therefore, Robinson's filing of a motion to suppress on other grounds does not render timely this new suppression argument. *See United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir. 2000.

**2.** The district court properly denied Robinson's motion to suppress certain evidence based on his allegation that the searching agents exceeded the scope of the search warrant. Although the district court improperly found that the warrant incorporated Attachment C, a protocol for searching electronic devices, Attachment B to the warrant described seventeen categories of evidence to be seized "in whatever form, such as, electronic, typed, and/or handwritten." Because neither Attachment B, nor any other document incorporated into the warrant,

specifically authorized the search of electronic devices, we assume without deciding that the search of the electronics exceeded the scope of the warrant. *See United States v. Giberson*, 527 F.3d 882, 887 (9th Cir. 2008).

The district court nevertheless correctly denied Robinson's motion to suppress because the agents who executed the warrant acted in good faith. Not only did the affidavit in support of the search warrant application detail the use of computers in tax refund schemes, and identify an IP address used in the scheme and registered to the residence to be searched, but Special Agent Mitchell also believed that the warrant authorized him to search electronic devices, briefed the search team on the affidavit, and brought a copy of the affidavit to the search site. *See United States v. Leon*, 468 U.S. 897, 918–21 (1984).

**3.** Robinson last raises objections to the jury instructions and verdict form. Because Robinson stipulated to the aggravated identity theft jury instruction and did not object to the verdict form, however, we review his claim that the jury materials furthered a "legally erroneous theory," for plain error. *See United States v. Alferahin*, 433 F.3d 1148, 1154 (9th Cir. 2006). To demonstrate plain error, Robinson must show "(1) that the proceedings below involved error, (2) that the error is plain, and (3) that the error affected [Robinson's] substantial rights." *Alferahin*, 433 F.3d at 1154.

Robinson cannot show that the proceedings below involved error. Robinson

argues that the aggravated identity theft instruction and verdict form allowed the jury to convict him "without reaching unanimous agreement that [Robinson] used the name of a unique, specific, individual person, rather than just a name common to many." But the aggravated identity theft instruction given matched Ninth Circuit Model Criminal Jury Instruction 8.83, and the statute at issue defines "means of identification" as "any name or number that may be used . . . to identify a specific individual," including a name or Social Security Number. 18 U.S.C. § 1028A(d)(7). Because the government presented evidence of Robinson's practice of culling Social Security Numbers from lists of real, specific, deceased people, Robinson has failed to demonstrate that the district court committed plain error when it offered the pattern jury instruction on aggravated identity theft.

**AFFIRMED**.